This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **NO. 33,060**

**JESSE JAMES MILLER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J.C. Robinson, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}     Defendant appeals his convictions for intimidation of a witness and aggravated battery. This Court proposed to affirm in a notice of proposed summary disposition, and Defendant filed a memorandum in opposition to our proposed disposition. Having considered the arguments asserted by Defendant in his memorandum and remaining unpersuaded, we affirm the judgment and sentence entered by the district court.

{2}     In his docketing statement, Defendant raised two evidentiary issues, challenging the exclusion of evidence that his victim, who testified at trial, "tested positive for marijuana" at the hospital where he was treated, and also challenging the admission of testimony by a police officer who was permitted to repeat statements made by the victim shortly after the events at issue. [DS 3-4] Because a district court's evidentiary rulings are reviewed for abuse of discretion, they will not be overturned unless "clearly against the logic and effect of the facts and circumstances of the case." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829.

{3}     In our notice of proposed summary disposition, we noted the docketing statement's failure to provide a summary of "all facts material to a consideration of the issues presented." [CN 2 (quoting Rule 12-208(D)(3) NMRA)] That notice, nonetheless, proposed to affirm the district court's evidentiary rulings on the basis that various potential grounds to affirm the district court appeared to be supported by Defendant's partial recitation of the facts surrounding his trial. [CN 4-9] Defendant's

memorandum in opposition provides a more complete recitation of those facts, which we have now reviewed. [MIO 1-3]

{4} With regard to Defendant's first issue, this Court's notice proposed to affirm on alternative grounds, including Rule 11-608(B) NMRA, which prohibits the use of extrinsic evidence to impeach a witness on collateral matters. [CN 7] *See State v. Lucero*, 1999-NMCA-102, ¶ 39, 127 N.M. 672, 986 P.2d 468 (applying Rule 11-608). Based upon a review of the facts recited in Defendant's memorandum in opposition, it now appears that this was the basis for the district court's exclusion of records regarding the victim's positive tests for THC. [MIO 2] Defendant continues to assert that the district court's ruling improperly limited his ability to impeach the witness. We are unconvinced, however, that the district court abused its discretion in applying Rule 11-608. Finding no error in that evidentiary ruling, we affirm the district court on this issue.

{5} With regard to Defendant's second issue, this Court's notice proposed to affirm on the basis that the hearsay complained of, being merely cumulative of other trial evidence, did not prejudice Defendant. [CN 8 (citing *State v. Bonham*, 1998-NMCA-178, ¶¶ 10-11, 126 N.M. 382, 970 P.2d 154)] Error in the admission or exclusion of evidence "is harmless when there is no reasonable probability the error affected the verdict." *State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110 (internal

quotation marks and citation omitted). Although Defendant's memorandum in opposition argues that the testimony at issue was not merely cumulative of other evidence [MIO 4], we are unpersuaded that the testimony complained of differed from other trial evidence in any material respect [See DS 2 (acknowledging witness's testimony "that he was the victim of a beating by [Defendant]")]. As a result, we are unpersuaded that there is any reasonable probability that the challenged testimony affected the verdict. *See Tollardo*, 2012-NMSC-008, ¶ 36.

{6}    Alternatively, it also appears from the facts now recited in Defendant's memorandum in opposition that the testimony at issue was also admissible under Rule 11-803(1) NMRA, which provides an exception to the rule against hearsay for statements "describing or explaining an event or condition, made while or immediately after the declarant perceived it." Following Defendant's hearsay objection at trial, the district court heard the arguments of the parties before concluding that the potential hearsay was "a contemporaneous statement taken shortly after the event." [MIO 3] It thus appears that the testimony at issue was admissible as a present sense impression. And, in any event, Defendant was not prejudiced by the substance of that testimony. Finding no abuse of discretion in the district court's decision to receive that testimony, we affirm that ruling.

{7}    Thus, for the reasons stated here and in our notice of proposed summary

disposition, we affirm the judgment and sentence entered by the district court.

{8}    **IT IS SO ORDERED.**


_____
                          **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**



_____
**MICHAEL D. BUSTAMANTE, Judge**



_____
**CYNTHIA A. FRY, Judge**